**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 12-0787 DOC (ANx)             Date: May 22, 2012

Title: CASTLE PEAK 2010-1 LOAN TRUST -V- ARTURO CHAVARRIA ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                        NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING TEMPORARY RESTRAINING ORDER

       Before the Court is document titled "EMERGENCY EX-PARTE APPLICATION TO TURNOVER PROPERTY" filed by Defendants Arturo and Maria Chavarria ("Defendants"). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. To the extent that Defendants' filing constitutes a motion for a temporary restraining order, the Court DENIES the motion.

       **II.**     **Legal Standard for Temporary Restraining Order**

       In the Ninth Circuit, a party is entitled to a preliminary injunction if she satisfies either of two tests: (1) the *Winter* factor test; or (2) the "sliding scale" test, also referred to as the "serious questions" test.[1] *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The sliding scale test requires a slightly weaker showing of success on the merits to be outweighed by strong equitable considerations. *See id.* 632 F.3d at 1134-35.

---

[1] A party may also obtain a preliminary injunction without satisfying either of these two tests if a statute provides for a lesser showing. *See e.g., Tennessee Valley Authority v. Hill*, 437 US 153, 194 (1978); *United States v. Estate Pres. Services*, 202 F.3d 1093, 1098 (9th Cir. 2000) ("The traditional requirements for equitable relief need not be satisfied since Section 7408 expressly authorizes the issuance of an injunction.")

Under the *Winter* factor test, a party is entitled to a preliminary injunction if she establishes that: (1) she is "likely to succeed on the merits"; (2) the "balance of equities tips in [the party's] favor"; (3) she is "likely to suffer irreparable harm in the absence of preliminary relief"; and (4) a preliminary injunction is in the public interest. *Winter*, 555 U.S. at 20; *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005).

Under the sliding scale test, a party is entitled to a preliminary injunction if she establishes: (1) "serious questions going to the merits"; (2) "a balance of hardships that tips sharply towards the [the party]"; (3) "a likelihood of irreparable injury"; and (2) a preliminary injunction is in the public interest. *Alliance for the Wild Rockies*, 632 F.3d 1127, 1135 (9th Cir. 2011) (noting that the last two factors are identical to two of the factors in *Winter*). While the test "requires the [party] to make a showing on all four prongs," the showing need not be equally strong. *See id.*

Where, as here, the application for the temporary restraining order is made *ex parte*, Rule 65 mandates an additional showing that: (1) "immediate and irreparable injury. . . will result to the movant before the adverse party can be heard in opposition;" and (2) the movant must explain in writing the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). The standard for issuing a temporary restraining order without notice to the adverse party is very stringent, and the burden on the movant to show why notice is not required is accordingly very high. *See Granny Goose Foods, Inc. v. Broth. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *Reno Air Racing Ass'n*, 452 F.3d at 1131 ("[C]ircumstances justifying the issuance of an ex parte order are extremely limited.").

The most common reasons for issuing an *ex parte* temporary restraining order are "where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" and "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984).

### III.   Discussion

Defendants, who are pro se, seek relief "pursuant to 11 U.S.C. Sections 105(a) and 28 USC § 1446(d)" because "[o]n Friday, May 18, 2012, Defendant . . . the Sheriffs show[ed] up at their property to evict them." Mot. at 2. Defendants seek an "order to Turnover [sic] possession of Defendant's [sic] property back to Defendant[s] and prevent [Plaintiffs] from causing Defendant[s] any furhter harm, pain and emotional distress." *Id.* at 3.

Defendants' filing cites no law nor makes any argument regarding either of the two tests that a party must satisfy to obtain a preliminary injunction, nor do they discuss the additional showing

necessary to obtain ex-parte relief.  The two statutes under which Defendants move do not provide the relief they seek.   11 U.S.C. § 105(a) is inapplicable to this federal *district* court because it empowers *bankruptcy* courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  11 U.S.C. § 105(a).  28 U.S.C. § 1446(d) does not have anything to do with a temporary restraining order because it merely provides for the removal procedure that Defendants used to bring this case to this court.  28 U.S.C. § 1446(d).

In addition, Defendants' filing indicates that the eviction occurred in the past.  *See* Mot. at 2 ("On Friday, May 18, 2012, Defendant . . . the Sheriffs show[ed] up at their property to evict them."); 3 ("Defendant[s] move the court for an order to Turnover [sic] possession of Defendant's [sic] property back to Defendant[s].").  Such a past harm is not an immediate irreparable injury.  Because Defendants do not cite any event other than eviction as a basis for an irreparable injury, Defendants fail to meet their burden to obtain a temporary restraining order.

Accordingly, to the extent that Defendants' filing constitutes a motion for a temporary restraining order, the Court DENIES the motion.

The Clerk shall serve this minute order on Defendants.